IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| FNU MUHAMMAD,<br>AKEELA AKMAL,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Defendants. | ) | 1:25-cv-1643 (LMB/WBP) |

ORDER

Before the Court is defendants' Motion to Dismiss ("Motion"), which requests that the Court dismiss plaintiffs' claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See generally, [Dkt. No. 11]. The parties were provided an opportunity to fully brief the issues. Plaintiffs Fnu Muhammad ("Muhammad") and Akeela Akmal ("Akmal") (collectively, "plaintiffs"), proceeding pro se, have failed to file a response. Oral argument will not assist the decisional process. For the reasons explained below, defendants' Motion, [Dkt. No. 11], will be granted.

I.

Plaintiffs Muhammad and Akmal filed this civil action seeking an order from the Court to compel defendants to schedule Akmal for an interview on her pending application for an immigration visa. See generally, [Dkt. No. 1]. The following facts are taken from plaintiffs' Complaint for Declaratory, Mandamus, and Injunctive Relief ("Complaint"). On October 16, 2022, Muhammad, a U.S. citizen, filed an I-130, Petition for Alien Relative, on behalf of his mother, in order for her to obtain an immigrant visa. Id. at 3-5. The I-130 application has remained pending for more than two years and 11 months. Id. at 5. On September 30, 2025, plaintiffs filed their Complaint in this Court, alleging that defendants "had taken too long to

adjudicate the visa application" and bringing two claims: (1) a claim for unreasonable delay under the Administrative Procedure Act ("APA"), and (2) a claim for mandamus. Id. at 6-8. Plaintiffs seek an order from this Court "[c]ompel[ling] . . . [d]efendants and those acting under them to take all appropriate action to" process Akmal's I-130 immigration visa application for an interview "without further delay[,] as well as attorneys' fees under the Equal Access to Justice Act ("EAJA"). Id. at 8.

On November 19, 2025, this Court, following a Consent Motion to Stay the Proceedings, stayed this civil action to allow a consular officer sufficient time to interview Akmal and to adjudicate her immigration visa application. See Dkt. No. 8. Since then, Akmal has been interviewed twice, and a consular officer refused to issue Akmal an immigration visa both times.[1] [Dkt. No. 10] at ¶¶ 5-6. On May 22, 2026, defendants filed the pending Motion, arguing that the Court should dismiss this civil action for lack of subject matter jurisdiction because the matter is now moot. See generally, [Dkt. No. 11]. That same day, the Court issued a Roseboro Notice to plaintiffs, advising plaintiffs that defendants had filed a Motion to Dismiss, that if granted, could result in the dismissal of their Complaint, and that any opposition to the Motion was due no later than Friday, June 12, 2026. Id. As of close of business on Monday, June 29, 2026, plaintiffs have neither filed an opposition to the Motion nor a motion for an extension of time to file an opposition. Despite plaintiffs' failure to defend jurisdiction, the Court is obligated to ensure that dismissal is proper even when defendants' Motion is unopposed. See Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

---

[1] Specifically, Akmal was first interviewed on December 16, 2025, and "'[a] consular officer [] refuse[d] [to issue] the visa[.]'" [Dkt. No. 10] at ¶ 3 (quoting 22 C.F.R. § 42.81(a)) (alterations in original). On February 26, 2026, "[d]efendants re-adjudicated [p]laintiffs' application and '[a] consular officer [] refuse[d] [to issue] the visa[.]'" Id. at ¶ 6 (quoting 22 C.F.R. § 42.81(a)) (alterations in original).

II.

"Federal Rule of Civil Procedure 12(b)(1) allows a moving party to challenge the Court's jurisdiction over the subject matter of the complaint." Deussom v. Noem, No. 1:25-CV-00404-MSN-IDD, 2026 WL 269265, at *2 (E.D. Va. Feb. 2, 2026). "The moving party may either attack the complaint on its face, asserting that the complaint 'fails to allege facts upon which subject matter jurisdiction can be based,' or may challenge 'the existence of subject matter jurisdiction in fact, quite apart from any pleadings.'" Id. (quoting White v. CMA Const. Co., 947 F. Supp. 231, 233 (E.D. Va. 1996)). "In a 12(b)(1) motion, the court 'may consider evidence outside the pleadings' to help determine whether it has jurisdiction over the case before it." Id. (quoting Richmond, Fredericksburg & Potomac R. R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991)). "The plaintiff bears the burden of establishing the court's subject matter jurisdiction." Id. (citing Trinity Outdoor, L.L.C. v. City of Rockville, 123 F. App'x 101, 105 (4th Cir. 2005) (per curiam).

III.

Defendants' Motion argues that plaintiffs' Complaint must be dismissed because it is mooted by defendants' adjudication of Akmal's visa application. [Dkt. No. 12] at 3-4. This Court agrees. "Courts only have jurisdiction to resolve 'cases or controversies,' and there is no case or controversy if the litigation is moot." Deussom, 2026 WL 269265, at *2 (citing Qiu v. Mayorkas, No. 3:23CV413 (RCY), 2024 WL 329140, at *2 (E.D. Va. Jan. 29, 2024)). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) (internal quotation marks, citation, and alteration omitted). Here, defendants have adjudicated Akmal's visa application, which is the very relief plaintiffs seek in their Complaint. "Without any representation from [plaintiffs] contradicting these facts, the litigation is moot and the Court lacks subject matter jurisdiction to

proceed any further." Deussom, 2026 WL 269265, at *2. Accordingly, defendants' Motion, [Dkt. No. 11], is GRANTED; and it is hereby

ORDERED that plaintiffs' Complaint, [Dkt. No. 1], be and is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.[2]

To appeal this decision, plaintiffs must file a written notice of appeal with the Clerk of this Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiffs want to appeal. Plaintiffs need not explain the grounds for appeal until so directed by the United States Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives plaintiffs' right to appeal this decision.

The Clerk is directed to forward copies of this Order to Plaintiffs, pro se, and to counsel of record, enter judgment in defendants' favor pursuant to Federal Rule of Civil Procedure 58, and close this civil action.

Entered this 30th day of June, 2026.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

[2] Plaintiffs' request for attorneys' fees under the EAJA is also denied, especially as plaintiffs, who are proceeding pro se, are not being represented by counsel.